UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JEFFREY BOSCARINO,

Defendant.

**REPORT AND RECOMMENDATION**

23-MJ-518-MJP-5

---

**APPEARANCES**

For Plaintiff:	Matthew R. Lembke
	Cerulli, Massare & Lembke
	45 Exchange Boulevard
	Suite 925
	Rochester, NY 14614

For Defendant:	Meghan K. McGuire
	U.S. Attorney's Office - Rochester
	100 State Street
	Rochester, NY 14614

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

**Pedersen, M.J.** Before the Court is defendant Jeffrey Boscarino's motion to for an order severing Defendant's case for indictment and trial from his co-defendants and for a speedy indictment and trial. (Not. of Mot., June 5, 2023, ECF No. 44.) The government orally opposed this motion on the record during a status conference before the undersigned on June 5, 2023. For the reasons set forth below, the undersigned recommends that the District Court DENY Defendant's motion for pre-indictment severance and GRANT Defendant's motion to the extent it seeks a speedy indictment.

## STANDARD OF LAW

Federal Rule of Criminal Procedure 14, titled "Relief from Prejudicial Joinder," provides, in relevant part, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Civ. P. 14(a).

## PROCEDURAL BACKGROUND

On February 15, 2023, the government filed a complaint against Defendant and six co-defendants alleging claims of "Conspiracy," "Transmission of Wagering Information," "Prohibition (of) Illegal Gambling Businesses," and "Money Laundering." The government specifically charged Defendant with "Transmission of Wagering Information" in violation of Title 18 U.S.C. § 1084 and "Conspiracy" in violation of Title 18 U.S.C. § 371. (Compl. at 2, Feb. 15, 2023, ECF No. 1.) At his initial appearance on March 2, 2023, Defendant waived his right to a preliminary hearing. (Minute entry for proceedings for March 2, 2023, ECF No. 14.) The government issued a summons to Defendant on March 1, 2023. Time was excluded at the March 3, 2023, initial appearance from March 2, 2023 to June 5, 2023, for the reasons stated on the record. (Minute entry for proceedings, Mar. 2, 2023, ECF No. 14.)

## DISCUSSION

Defendant contends that he made this motion to inform the Court that he seeks severance from his co-defendants for the purpose of speedy trial and speedy indictment. (Lembke Aff. ¶ 3, Jun. 5, 2023, ECF No. 44.) Defendant takes the position

2

that the speedy trial exclusions provided for under 18 U.S.C. § 3161(h) do not apply in this case because that provision only applies in post-indictment cases. (*Id.* ¶ 4.) In addition, Defendant contends that the government's proof against him materially differs from that against his co-defendants. (*Id.* ¶ 10.) He asserts that the complaint only alleges Defendant "acted as a middleman to place bets for at most three people other than himself," (*Id.* ¶ 12) as opposed to the allegations against his co-defendants who Defendant contends have been charged with operating long-term gambling operations and are alleged to have generated millions of dollars in income from bettors through those operations. (*Id.* ¶ 11.)

The government orally opposed the motion at the June 5, 2023, status conference, contending that Rule 14 does not apply since this case is pre-indictment. The government also represented that, regardless, it intends to indict Defendant within the thirty days provided in 18 U.S.C. § 3161(b).

It is axiomatic that "[w]hen an examination of the ordinary meaning and structure of the law yields a clear answer, judges must stop." *United States v. Montague*, 67 F.4th 520, 534 (2d Cir. 2023) (internal quotations and citation omitted); *Life Receivables Tr. v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 216 (2d Cir. 2008) ("When a statute's language is clear, our only role is to enforce that language according to its terms.") (internal quotations and citation omitted). Here, the language of Rule 14 makes it clear that severance is only appropriate when there is an indictment, an information, or where defendants have been consolidated for trial. The statute, by its clear language, does not apply to complaints. For this reason the

3

undersigned recommends that the District Court deny Defendant's motion for severance.

Further, with respect to Defendant's request for a speedy indictment, the undersigned recommends that the District Court grant the motion.

## CONCLUSION

Based on the forgoing, the undersigned recommends that the District Court DENY that part of Defendant's motion seeking severance from his co-defendants. (ECF No. 44.) The undersigned further recommends that that District Court GRANT that part of Defendant's motion for a speedy indictment and direct the government to indict the case within thirty days from the date of the summons containing the charges against Defendant in accordance with 18 U.S.C. § 3161(b). To the extent that the undersigned did not address any claims raised by Defendant, the undersigned recommends that the District Court DENY those claims.

Pursuant to 28 U.S.C. § 636(b)(1), the undersigned hereby

**ORDERS**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **<u>Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.</u>**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

DATED:   June 6, 2023
         Rochester, New York

*[signature]*

MARK W. PEDERSEN
United States Magistrate Judge

5