UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                v.

JEFFREY BOSCARINO,

           Defendant.
_____

**DECISION AND ORDER**

6:23-CR-06107 EAW-MJP

     Defendant Jeffrey Boscarino ("Defendant") is charged by way of an indictment returned by a grand jury with conspiracy to transmit wagering information in interstate commerce and conduct an illegal gambling business-bookmaking (count one), transmission of wagering information in interstate commerce (count two), and conduct of an illegal gambling business-bookmaking (count three). (Dkt. 50). Prior to the return of the indictment, Defendant filed a motion on June 5, 2023, seeking "an order severing his case for indictment and trial from the cases against his co-defendants. . . ." (Dkt. 44 at 1). The motion was supported by an attorney affirmation wherein defense counsel stated that Defendant was "making this motion because he is invoking his rights under the speedy trial act to a so-called speedy indictment under 18 U.S.C. § 3161(b), and thereafter, to a speedy trial under 18 U.S.C. § 3161(c)(1)." (Dkt. 44-1 at ¶ 2).

     No written response from the government was filed in connection with the motion; instead, it was apparently addressed during an appearance before United States Magistrate Judge Mark W. Pedersen on the same day the motion was filed. (*See* Dkt. 48). The next day, Judge Pedersen issued a Report and Recommendation wherein he recommended that

- 1 -

the district court deny Defendant's motion for a pre-indictment severance and grant Defendant's motion to the extent it seeks a speedy indictment. (Dkt. 46). Fewer than 30 days later, the pending indictment was returned. (Dkt. 50).

The Report and Recommendation issued by Judge Pedersen advised the parties that pursuant to Fed. R. Crim. P. 59(b)(2) and 28 U.S.C. § 636(b)(1)(C), any objections needed to be filed within 14 days. (Dkt. 46 at 4). No objections were filed.

As an initial matter, it seems that the relief recommended by Judge Pedersen has been rendered moot by virtue of the return of the indictment.

Second, even if not rendered moot, it is not at all clear that the relief recommended by Judge Pedersen is dispositive in nature, thus requiring a review by the district court. *See*, *e.g.*, *United States v. Coley*, 498 F. Supp. 3d 415, 420 n.4 (W.D.N.Y. 2020) (discussing whether motion for severance is dispositive in nature).

Finally, even if the relief recommended by Judge Pedersen is not moot and is dispositive in nature, the Court notes that it is not required to review *de novo* those portions of a report and recommendation to which objections were not filed. Fed. R. Crim. P. 59(b)(2) ("Failure to object in accordance with this rule waives a party's right to review."); *see Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (to trigger the *de novo* review standard, objections to a report "must be specific and clearly aimed at particular findings in the magistrate judge's proposal"). Notwithstanding the lack of objections, the Court has conducted a careful review of the Report and Recommendation as well as the filings previously made in the case, and finds no reason to reject or modify the Report and Recommendation of Magistrate Judge Pedersen. Therefore, the Court

accepts and adopts the Report and Recommendation. (Dkt. 46). For the reasons set forth in the Report and Recommendation, this Court denies Defendant's pretrial motion to sever except to the extent that Defendant sought a speedy indictment. (Dkt. 44).

    SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      July 7, 2023
              Rochester, New York