UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JEFFREY BOSCARINO,

　　　　　　　　Defendant.

---

**DECISION AND ORDER**

6:23-CR-06107 EAW

## I.   **BACKGROUND**

This case involves an alleged illegal gambling business operated at 565 Blossom Road in Rochester, New York, and an alleged illegal bookmaking business operated through the website sport700.com. Seven defendants have been named in a five-count indictment returned on June 29, 2023, including defendant Jeffrey Boscarino ("Boscarino"), who is charged with three counts: (1) conspiracy to transmit wagering information in interstate commerce and conduct of an illegal gambling business— bookmaking in violation of 18 U.S.C. § 371; (2) transmission of wagering information in interstate commerce in violation of 18 U.S.C. §§ 1084(a), 2, and pursuant to *Pinkerton v. United States*, 328 U.S. 640 (1946); and (3) conduct of an illegal gambling business— bookmaking in violation of 18 U.S.C. §§ 1955, 2 and pursuant to *Pinkerton*. (Dkt. 50). Boscarino is alleged to have acted as a sub-agent, under defendant Louis P. Ferrari II ("Ferrari"), in the illegal bookmaking business operated through sport700.com. (*Id*. at ¶ 6).

- 1 -

Even before the indictment was returned in this case, Boscarino was seeking to "invoke his speedy trial rights" and proceed immediately with a trial. (*See* Dkt. 44; Dkt. 46; Dkt. 48; Dkt. 55). Currently pending before the Court is Boscarino's motion for severance. (Dkt. 73). The government opposes the motion. (Dkt. 77). Oral argument was held before the undersigned on August 25, 2023 (Dkt. 81) and after a further status conference on September 25, 2023, the motion was taken under advisement (*see* Dkt. 106).

For the reasons set forth below, the motion is denied without prejudice.

## II.   **DISCUSSION**

Pursuant to Federal Rule of Criminal Procedure 14, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).[1] The decision to sever a trial pursuant to Rule 14 is "confided to the sound discretion of the trial court." *United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003). A trial court's decision concerning severance is considered "virtually unreviewable," and the denial of such a motion "will not be reversed unless appellants establish that the trial court abused

---

[1]      Boscarino cites to potential concern pursuant to *United States v. Bruton*, 391 U.S. 123 (1968), but admits that he has no current information implicating *Bruton* (*see* Dkt. 73-1 at 5). Because the severance motion is denied without prejudice, Boscarino is free to raise any *Bruton* issues if they subsequently become apparent.

its discretion." *United States v. Cardascia*, 951 F.2d 474, 482 (2d Cir. 1991) (citation omitted).

In order to successfully challenge the denial of a request for severance, a defendant "must establish prejudice so great as to deny him a fair trial." *Id.* "When defendants properly have been joined under Rule 8(b),[2] a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Astra Motor Cars*, 352 F. Supp. 2d 367, 369-70 (E.D.N.Y. 2005) (alteration omitted and quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)); *see also Cardascia*, 951 F.2d at 482 (in order to successfully challenge the denial of a request for severance, a defendant "must establish prejudice so great as to deny him a fair trial"); *United States v. Friedman*, 854 F.2d 535, 563 (2d Cir. 1988) ("[T]he defendant must show that he or she suffered prejudice so substantial as to amount to a 'miscarriage of justice.'" (quoting *United States v. Bari*, 750 F.2d 1169, 1177 (2d Cir. 1984)).

"[D]iffering levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials." *United States v. Chang An-Lo*, 851 F.2d 547, 557 (2d Cir. 1988) (citation omitted). "That the defendant would have had a better chance of acquittal at a separate trial does not constitute substantial prejudice." *United States v. Carson*, 702 F.2d 351, 366 (2d Cir. 1983).

---

[2]     Boscarino does not argue improper joinder under Rule 8.

There is a powerful presumption in favor of joint trials of defendants indicted together based upon the underlying policies of efficiency, avoiding inconsistent verdicts, providing a "more accurate assessment of relative culpability," avoiding victims and witnesses having to testify repeatedly, and avoiding the random favoring of "the last-tried defendants who have the advantage of knowing the prosecutor's case beforehand." *Richardson v. Marsh*, 481 U.S. 200, 210 (1987) (citation omitted); *see also Cardascia*, 951 F.2d at 482 ("The deference given by an appellate court to a trial court's severance decision reflects the policy favoring joinder of trials, especially when the underlying crime involves a common plan or scheme and defendants have been jointly indicted.").   The Second Circuit has instructed that "[c]onsiderations of efficiency and consistency militate in favor of trying jointly defendants who were indicted together. . . ."  *United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003) (citations omitted); *see also United States v. Van Sichem*, No. SS 89 CR. 813 (KMW), 1990 WL 41746, at *1 (S.D.N.Y. Apr. 2, 1990) ("There is a strong presumption in favor of joint trials for jointly indicted defendants, particularly where, as here, the 'crimes charged involve a common scheme or plan.'") (alteration omitted and quoting *United States v. Girard*, 601 F.2d 69, 72 (2d Cir. 1979)).

Applying these standards here, there is no reasonable argument that Boscarino's case should be severed.  Boscarino argues that he played a minimal role with the allegations in this case—and at best, only had interactions with Ferrari with whom he simply placed bets for himself.  (Dkt. 73-1 at ¶¶ 3-24).  The government counters that there is voluminous

proof that Boscarino was one of several sub-agents working for Ferrari in connection with the sport700.com website. (Dkt. 77 at 4). The government cites to various conversations between Boscarino and Ferrari that were captured through wire taps. (*Id*. at 4-5). The government also cites to surveillance evidence, including a meeting involving Boscarino, Ferrari, and another co-defendant on January 5, 2021, where Boscarino delivered $8,000 in gambling proceeds. (*Id*. at 5). The government also points to Boscarino's alleged confession wherein he admitted to taking about $10,000 in bets from customers at his restaurant, the East End Tavern, that were then run through an online account he shared with Ferrari. (*Id*. at 6).

Contrary to Boscarino's conclusory denials of involvement and culpability,[3] the government cites to specific evidence supporting the charges against Boscarino in this case. But more importantly, even if Boscarino had a minimal or no role in the alleged conspiracy and criminal activity, a severance would not be warranted. Again, as outlined above, joint trials are favored for a myriad of reasons implicated in this case, and differing levels of proof and culpability do not justify separate trials. This is particularly the case where a conspiracy is alleged. *See Spinelli*, 352 F.3d at 55 ("Joint trials are often particularly

---

[3]     Boscarino's denials are set forth in an affirmation from his counsel made under penalty of perjury. (Dkt. 73-1). However, Boscarino's counsel makes no effort to identify any personal knowledge that he has concerning his client's purported involvement in the alleged criminal conduct. Thus, not only is the submission of an affirmation of this nature under penalty of perjury likely inappropriate, but it amounts to nothing more than argument and conclusory denials.

appropriate in circumstances where the defendants are charged with participating in the same criminal conspiracy, as is the case here.").

Distilled to its core, Boscarino's argument in support of severance is that he wants an immediate trial, whereas his co-defendants intend to file pretrial motions, explore potential pretrial resolutions, and need time to prepare for any trial. Of course, jointly-indicted defendants are governed by a single speedy trial clock, and delay attributable to any one defendant is charged against the single clock. *See United States v. Pena*, 793 F.2d 486, 489-90 (2d Cir.1986). Time is excluded from the speedy trial clock where there is "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). "Congress has acknowledged that the purpose of Section 3161(h)(6) of the Speedy Trial Act was to ensure that the rules of severance were not altered, and that the government was not forced to prosecute the first defendant ready for trial separately or be subject to a speedy trial dismissal action. . . . Thus, reasonable speedy trial time should be excluded when necessary to enable joint trials to go forward." *United States v. Lockwood*, No. 11-CR-085, 2012 WL 6204194, at *2 (W.D.N.Y. Dec. 12, 2012) (citing *Pena*, 793 F.2d at 489).

In a multi-defendant case where the defendant makes a severance motion, "the court must examine the reasonableness of any delay caused by a co-defendant before time under the Speedy Trial Clock can be excluded as against the complaining defendant." *Id.*; *see*

- 6 -

*United States v. Vasquez*, 918 F.2d 329, 337 (2d Cir. 1990) (a defendant is not entitled to the benefit of the reasonableness requirement until he moves for a severance).   The reasonableness requirement must be assessed "in light of the strong presumption in favor of joint trials." *Van Sichem*, 1990 WL 41746, at *2.

Counsel for Boscarino's co-defendants have represented that they are reviewing the voluminous discovery produced in this matter, exploring potential pretrial resolutions short of trial, and preparing pretrial motions.   (*See*, *e.g.*, Dkt. 91; Dkt. 94; Dkt. 95).   The government has also represented that there is voluminous pretrial discovery in this case, "including months of wire recordings, undercover operations, and pole camera footage, and numerous device extractions—for all of the defendants to review."  (Dkt. 77 at 12).   The magistrate judge supervising the pretrial proceedings in this matter has set a deadline of November 16, 2023, for the filing of pretrial motions.  (See Dkt. 93; Dkt. 97; Dkt. 98; Dkt. 100; Dkt. 105).  Further, a trial date has been scheduled for September 10, 2024, based on counsel's availability for the approximate five-week trial and estimate as to the time that will be required to complete pretrial proceedings.  (Dkt. 107).  However, as discussed at the status conference on September 25, 2023, if the case becomes trial-ready sooner, the trial date could be advanced.  In other words, the case will be tried *no later than* September 10, 2024.

Now that Boscarino has made a severance motion which, for the reasons set forth herein is denied, he will be "'entitled to the benefit of the reasonableness limitation on

delays affecting co-defendants' in § 3161(h)(6)." *United States v. Contreras*, 216 F. Supp. 3d 299, 305 (W.D.N.Y. 2016) (quoting *Vasquez*, 918 F.2d at 337).[4]  Here, if Boscarino had not been indicted with his co-defendants, he would have been entitled to a trial within 70 days of his initial appearance after return of the indictment,[5] 18 U.S.C. § 3161(c)(1)—or September 20, 2023.  Thus, because he is joined with his co-defendants, Boscarino's trial will go forward *at the latest* less than a year after he would have been tried if not joined with his co-defendants.  Under the circumstances of this case, where Boscarino is not incarcerated, where the indictment was returned less than four months ago, where Boscarino's co-defendants need a reasonable amount of time to review the voluminous discovery in this case and then litigate any necessary pretrial motions, and where there is a myriad of reasons favoring a joint trial (including judicial efficiency and conservation of resources), a less than one-year delay is reasonable and Boscarino is not entitled to severance on speedy trial grounds.  *See, e.g.*, *United States v. Prosano*, No. 3:20-cr-00086 (KAD), 2020 WL 5441344 (D. Conn. Sept. 10, 2020) (denying severance motion where time was excluded under speedy trial clock for over a year to afford review by Department

---

[4]     Arguably, any passage of time up until the denial of the severance motion is not considered in making the reasonableness inquiry under § 3161(h)(6).  *See United States v. Ajemian*, 878 F. Supp. 2d 432, 435 (S.D.N.Y. 2012) ("[D]efendant may rely on this reasonableness limitation only when his motion to sever has been denied, and not when it is still under review.").  In other words, the question as to whether any delay is reasonable is prospective from the date of this Decision and Order.

[5]     The indictment was returned on June 29, 2023 (Dkt. 50), and Boscarino was arraigned by United States Magistrate Judge Mark W. Pedersen on July 12, 2023 (Dkt. 61).

of Justice of co-defendants' death eligibility); *Contreras*, 216 F. Supp. 3d 299 (denying severance motion and finding that thirteen-and-a-half month delay for trial of incarcerated defendant was reasonable for speedy trial purposes); *United States v. Jones*, 143 F. Supp. 3d 78 (W.D.N.Y. 2015) (denying severance motion where defendant in multi-defendant conspiracy had been held in custody for over 30 months and defendant had been requesting immediate trial for approximately one year, but granting bail on conditions); *United States v. Ajemian*, 878 F. Supp. 2d 432, 436 (S.D.N.Y. 2012) (finding exclusion of time reasonable where court set trial date approximately one year after severance motion was filed in multi-defendant case).

III.  **CONCLUSION**

For the foregoing reasons, Boscarino's motion to sever (Dkt. 73) is denied without prejudice.  In the event future events give reason to revisit the issue, Boscarino may renew his severance motion.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:        October 17, 2023
              Rochester, New York